UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VASHON ARTURO FAISON

    Plaintiff,

v.                                     Case No. 3:21cv1016-MCR-HTC

OFFICER GEROW, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Vashon Faison, initiated this action by filing a *pro se* civil rights complaint, seeking to assert claims pursuant to 42 U.S.C. § 1983 (ECF Doc. 1), and a motion to proceed *in forma pauperis* (ECF Doc. 2).  Upon review, the undersigned recommends this case be transferred to the Middle District of Florida.  As discussed below, the events at issue occurred at Suwannee Correctional Institution ("Suwanee CI") and Florida State Prison, both of which are located in the Middle District of Florida, and Defendants reside in the Middle District of Florida.  Thus, venue is not proper in this district.

I.      **THE COMPLAINT**

Plaintiff, a prisoner currently incarcerated at Suwannee CI, brings this action against (1) Officer Gerow[1], a correctional officer at Florida State Prison, and (2) K. Dicks, an administrative assistant at Suwannee CI, based on the medical care he received.  ECF Doc. 1 at 4.  Specifically, the crux of Plaintiff's complaint is that he was not provided proper treatment after an injury he sustained by the extraction team and that he was placed in a regular cell and only given a temporary cane.  *Id.*

II.     **IMPROPER VENUE**

Under 28 U.S.C. § 1391(b), which applies to actions brought under 42 U.S.C. § 1983, a civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

---

[1] Plaintiff's complaint appears to be missing several pages and Defendant Gerow is not mentioned in the statement of facts.

Case No. 3:21cv1016-MCR-HTC

As stated above, Plaintiff's claims arise out of the medical treatment he received at Florida State Prison and Suwannee CI. ECF Doc. 1 at 4. Both of these institutions are located in the Middle District of Florida. Also, although Plaintiff does not state the residence of the Defendants, he does allege Officer Gerow is an employee of Florida State Prison and seeks to have him served there. *Id.* Plaintiff also alleges K. Dicks is an employee of Suwanee CI and seeks to have her served there. Thus, presumably Defendants are also residents of the Middle District.

Venue is not proper in this district because none of the Defendants reside in the Northern District and none of the events occurred in the Northern District. Under 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Rather than dismiss this action, the Court finds this case should be transferred.[2]

---

[2] A transfer under 28 U.S.C. § 1404(a) would also be proper in this case because Plaintiff, Defendants, and a substantial part of the events occurred in the Middle District. *See 28* U.S.C. § 1404(a) ("for convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented").

Case No. 3:21cv1016-MCR-HTC

Accordingly, it is respectfully RECOMMENDED that the clerk TRANSFER this case to the United States District Court for the Middle District of Florida and close this file in the Northern District.

At Pensacola, Florida, this 13th day of September, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.